IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RODERICK MUMFORD, | § | |
| | § | No. 49, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No: 1608020942A (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellees. | § | |

Submitted: January 11, 2023
Decided: February 7, 2023

Before **VALIHURA, VAUGHN, AND TRAYNOR**, Justices.

## <u>ORDER</u>

This 7th day of February, 2023, after consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Roderick Mumford was convicted of drug dealing, money laundering, and related charges in 2017 and sentenced to ten years of incarceration at Level V for the lead drug-dealing charge.

(2)     On direct appeal, we summarized the facts underlying Mumford's convictions:

> Mumford was seen leaving a suspected "stash house," and arrested by the police. During searches of both that house and a second house connected to Mumford, the police found large quantities of illegal drugs, supporting an inference that Mumford had an intent to deal. The police also found over $1,000 in cash in the first house and keys to two safety deposit boxes in the second house. The boxes, jointly owned by Mumford and others, contained over $100,000 in cash.

Mumford was indicted for a slew of drug-related offenses in addition to money laundering and conspiracy to commit money laundering.[1]

(3)     In December 2017, while his direct appeal was pending, Mumford filed a Motion for Modification of Sentence. Mumford argued that the ten-year sentence for the Tier 4 drug-dealing charge far exceeded the two to five year SENTAC guideline range, even factoring in a 25% increase for aggravating circumstances.[2] Mumford contended that his sentence should be reduced to six years and three months, reflecting a 25% increase over the high range—five years—of the SENTAC guidelines.[3] The Superior Court deferred its decision on Mumford's Rule 35(b) motion pending this Court's decision on Mumford's direct appeal.[4] By order dated October 17, 2018, we affirmed Mumford's convictions.

---

[1] *Mumford v. State*, 196 A.3d 412, 2018 WL 5096074 at *1 (Del. Oct. 17, 2018) (TABLE).

[2] For the proposition that the existence of aggravating factors justified only a 25% increase of the SENTAC presumptive sentence, Mumford quotes an introductory comment from the SENTAC Benchbook 2017: "Aggravating and mitigating factors are to be used to explain a sentence imposed either above or below the presumptive sentence. Other factors, which do not appear on this list, may be utilized at the discretion of the sentencing judge. Although the increased or decreased penalties for most aggravating/mitigating circumstances are not specified, the "up to 25%" increase/decrease guide should be utilized whenever suitable." App. to Opening Br. A33–34. But this "up to 25% increase/decrease guide" appears to refer to SENTAC Statement of Policy No. 25 found at page 29 of the 2017 Benchbook, which cabins the "25% increase/decrease guide" to non-violent felonies. See SENTAC—Delaware Sentencing Accountability Commission Benchbook 2017, available at https://cjc.delaware.gov/wp-content/uploads/sites/61/2017/06/2017_Benchbook_Revision_RTK121516LastPDF-min.pdf. In 2017, Drug Dealing in a Tier 4 Quantity, the lead charge on which Mumford was sentenced, was classified as a Class B violent felony. And, in any event, the SENTAC guidelines are not binding on the Superior Court. *See Turner v. State*, 820 A.2d 373, 2007 WL 187802, at *1 (Del. March 4, 2003) (TABLE).

[3] *Id.*

[4] Although the dockets of this Court and the Superior Court do not indicate that either court stayed consideration of Mumford's motion, the Superior Court's January 22, 2021 letter order denying the motion notes that the motion was filed "while the matter was pending before the Supreme

2

(4) Mumford took no action regarding his motion in the two years following this Court's resolution of his direct appeal. Then, in December 2020, Mumford filed a Supplemental Motion for Reduction of Sentence, contending that, because he contracted COVID-19 while incarcerated, resulting in a chronic heart condition for which he needs lifelong medical care, "he is unable to obtain regular monitoring by medical professionals" while incarcerated.[5] In his supplemental motion, Mumford also requested that a requirement of his release—completion of the Key-Crest continuum—be removed from the sentence because the DOC no longer offers that program.[6] Mumford's supplemental motion was accompanied by a letter from his counsel, alerting the court to the pendency of Mumford's original motion, which "had already been timely filed . . . , but not ruled upon . . . ."[7]

(5) In a January 22, 2021 order, after first noting that Mumford had not promptly asked the court to decide his motion after his direct appeal was decided in October 2018—a failure that had resulted in inaction by the court, which understood Mumford to have abandoned the motion—the Superior Court denied the motion for two reasons. First, the court observed that it had sentenced Mumford with the benefit of a presentence investigation containing Mumford's criminal history,

Court," and that, therefore, while the appeal was pending the Superior Court "[did] not have jurisdiction to entertain such a request." Opening Br. Ex. A.
[5] App. to Opening Br. at A42.
[6] Id. at A43.
[7] State v. Mumford, No. 1608020942A (Del. Super. Ct.) D.I. 89.

3

employment history, and substance-abuse history and "remain[ed] satisfied that the sentence imposed is reasonable and appropriate."[8] Secondly, the court rejected Mumford's COVID-related supplemental motion "absent documentation from the Department of Correction advising they are unable to provide for Mr. Mumford's medical needs."[9] Referring to press releases issued by the Department of Correction, the court expressed satisfaction with the Department's response to "the COVID-19 situation."[10] The court also directed Mumford's attention to the statutory provisions and remedies set forth in 11 *Del. C.* §§ 4217 and 4221 relating to early release and sentence modifications necessitated by an inmate's serious illness or infirmity.

(6)    Mumford now raises two issues on appeal. He first argues that the Superior Court's criticism of his failure to promptly request action on his motion after his direct appeal was decided in 2018 and its consequent belief that Mumford had abandoned his motion amounted to the improper imposition of a procedural requirement—a request for judicial action—that simply does not exist. In Mumford's eyes, the Superior Court's denial of his motion was grounded in a determination that the motion had been abandoned, and this determination was an abuse of discretion. Mumford's second contention is that "[t]he Court abused its discretion by relying on Department of Correction press releases to determine Mr.

---

[8] Opening Br. Ex. A.
[9] *Id.*
[10] *Id.*

Mumford's post-COVID 19 medical conditions were being adequately addressed and treated because precautions for preventing COVID-19 were in place."[11]

(7) This Court reviews a denial of a request for modification of sentence for abuse of discretion.[12] This Court has held that "[a]n abuse of discretion occurs when a court has exceeded the bounds of reason in view of the circumstances or so ignored recognized rules of law or practice to produce injustice."[13] "This Court will not interfere with the Superior Court's denial of a motion for reduction of sentence unless it is shown that the sentence imposed was beyond the maximum authorized by law or was the result of an abuse of discretion by the sentencing judge."[14]

(8) Mumford's first argument—that the Superior Court improperly denied his original motion as abandoned because he did nothing to request consideration of the motion after his direct appeal was resolved—misapprehends the court's ruling. The sum total of the Superior Court's comments on this issue is as follows:

> This case was appealed to the Supreme Court on October 20, 2017. [Counsel] filed the Motion for Reduction of Sentence while the matter was pending before the Supreme Court. While an appeal is pending this Court does not have jurisdiction to entertain such a request. The file and complete record have been transferred to the Supreme Court. Once the appeal is decided, the defendant or his/her attorney must submit a request otherwise, the request is considered to be

---

[11] Opening Br. at 3.
[12] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).
[13] *Harper v. State*, 970 A.2d 199, 201 (Del. 2009) (quoting *Culp v. State*, 766 A.2d 486, 489 (Del. 2001)).
[14] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) (citing *Conover v. State*, 2005 WL 583746 (Del. Mar. 10, 2005)).

abandoned. In this case, [counsel] did not submit such a request. Therefore, it was considered to be abandoned.[15]

This statement, in our view, was nothing more than the Superior Court's explanation of why the motion had not been adjudicated in the two-plus years following Mumford's unsuccessful direct appeal. That it did not constitute the grounds for the court's denial of Mumford's motion is confirmed by the Superior Court's ensuing consideration of the motion on its merits. We therefore reject Mumford's contention that the Superior Court abused its discretion by improperly placing an unjustified procedural obstacle in his way and consequently denying his motion as abandoned.

(9)   Mumford's second argument—that the Superior Court abused its discretion when it relied on Department of Correction press releases in support of its denial of Mumford's supplemental motion for the modification of his sentence on medical grounds—is likewise unavailing.

(10)   First and foremost, we note that the Superior Court did not deny Mumford's supplemental motion on the basis of the press releases. Instead, the principal reason for the court's decision was the absence of "documentation from the Department of Correction advising they are unable to provide for Mr. Mumford's medical needs[.]"[16] By requesting this documentation, the court paid proper heed to

---

[15] Opening Br. Ex. A.
[16] *Id.*

6

the statutory procedure for the modification of the sentence of an inmate whose serious illness or infirmity renders further incarceration inappropriate.[17]

(11) The court's reluctance to act absent appropriate documentation is understandable, moreover, given that Mumford himself did not allege with any particularity in his supplemental motion that the Department was unable to meet his medical needs. Instead, he merely alleged that he "has mostly recovered from COVID-19[] . . . [but] now has a chronic heart condition."[18] This allegation, with nothing more, does not suffice to require a sentence modification.

(12) We are satisfied that the Superior Court thoughtfully considered Mumford's contentions regarding the length of his sentence, placing appropriate emphasis on the facts reported in the presentence investigation. Likewise, we conclude that the court fairly considered Mumford's medical concerns and the absence of any indication that Mumford's medical needs were not being met. Against this backdrop, we will not fault the court for its reference to press releases describing the Department of Correction's COVID-19 response, much less find it to be an abuse of discretion.

---

[17] *See* 11 *Del. C.* § 4217 (authorizing a trial court to retain jurisdiction to modify a sentence for good cause under certain circumstances, including the "serious medical illness or infirmity of the offender"); *see also* 11 *Del. C.* § 4221 (addressing "[m]odification, deferral, suspension or reduction of sentence for serious physical illness, injury or infirmity").

[18] Opening Br. at 8.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice